IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HANKINS,

    Plaintiff

v.

COMMONWEALTH OF PENNSYLVANIA,
ET AL.,

    Defendants

CIVIL NO. 3:CV-12-2554

(Judge Conaboy)

FILED
SCRANTON

JAN 13 2014

PER_____
DEPUTY CLERK

## MEMORANDUM
### Background

    Robert Hankins, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Service of the complaint was previously ordered.

    Named as Defendants are the Commonwealth of Pennsylvania; the Pennsylvania Board of Probation and Parole (Parole Board); Pennsylvania Attorney General Kathleen Kane and two Parole Board employees, Parole Supervisor Burke and Parole Agent McGinnis (hereinafter the Commonwealth Defendants).

    Hankins is also proceeding against the following officials at his former place of incarceration, the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview): Superintendent Marirosa Lamas; Counselor Melissa Reed; Deputy Superintendent Jeffrey Horton; ex-Deputy Superintendent Robert Marsh; Tim Miller; Superintendent Assistant Jeffrey Rackovan and

1

John/Jane Doe Maintenance Department employees (hereinafter the Corrections Defendants).

Plaintiff states that while on a hunger strike in April, 2004 at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill) he was visited by members of the Parole Board. Despite allegedly knowing that Hankins was unfit, those unidentified Parole Board members nonetheless conducted a review regarding Petitioner' parole eligibility.

The Complaint next contends that Plaintiff was told in May 2011 that he was to be seen by the Parole Board. However, due to his ongoing placement in the SCI-Rockview Restricted Housing Unit (RHU), he was precluded under Parole Board policy from being afforded an interview.[1]

Plaintiff argues that since all Pennsylvania state inmates including those held in the RHU have a right to apply for parole upon the expiration of their minimum sentence, the Parole Board's policy precluding RHU prisoners form parole consideration upon completion of their minimum sentence is unconstitutional.

In an unrelated claim, Plaintiff claims that he was subjected to unconstitutional conditions of confinement at SCI-Rockview because of poor air and water quality. Plaintiff seeks punitive, nominal and compensatory damages as well as injunctive relief.

Presently pending is a motion to dismiss filed by the Commonwealth Defendants. See Doc. 17. The opposed motion is ripe for consideration.

---

1. Hankins indicates that he was housed in the RHU for twelve (12) straight years.

2

**Discussion**

Commonwealth defendants' motion to dismiss raises the following argument: (1) there are no allegations that Attorney general Kane was personally involved in any alleged unconstitutional acts; (2) the damage claims against the Parole Board are precluded under the Eleventh Amendment; and (3) Plaintiff's claim of being denied parole consideration cannot proceed because there is no allegation that he actually applied for parole.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Attorney General Kane**

Commonwealth Defendants initially assert that the Complaint does not raise any factual allegations against Attorney General Kane. See Doc. 18, p. 1. Accordingly since there is no claim by Hankins that Kane engaged in any constitutional misconduct, she is entitled to entry of dismissal on the basis of lack of personal involvement.

A plaintiff, in order to state an actionable § 1983 civil rights claim, must plead two essential elements: (1) the conduct

4

complained of was committed by a person acting under color of state law, and (2) said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

This Court agrees that a review of the Complaint shows that other than being listed as a Defendant there is no other mention of Attorney General Kane. Based on the lack of any factual assertions concerning Kane, it is apparent that the claims asserted against said Defendant are entirely premised upon her supervisory position as Pennsylvania's Attorney General.

There are simply no facts alleged which could support any claim that Attorney General approved the alleged lack of parole

5

consideration afforded to Hankins; had any knowledge or approved any of the other alleged unconstitutional conditions of confinement which Plaintiff was purportedly subjected to; or failed to protect the prisoner's safety in any way. Accordingly, under the standards announced in Rode, since the claims against Attorney General Kane are solely premised on her supervisory duties, her request for entry of dismissal will be granted.

**Parole Board**

Commonwealth Defendants' next argument for dismissal asserts that the damages claims against the Parole Board are barred by the Eleventh Amendment. See Doc. 18, p.4

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency. Will, 491 U.S. at 70-71; Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005). As such, Hankins' damage claims brought against the Parole

6

Board are considered to be against the state itself and are barred by the Eleventh Amendment. Pursuant to the above discussion, the request for dismissal of the damages claims against the Parole Board will be granted. The claims for declaratory and injunctive relief against said Defendant will proceed.

**Parole Claims**

The final argument raised by the Commonwealth Defendants is that the claim that Plaintiff was not granted a parole interview should be dismissed since there is no allegation that Hankins filed an application for parole. See Doc. 18, p. 5. Moreover, since that is the only allegation asserted against Defendants Parole Board, McGinnis and Burke, those Defendants are entitled to entry of dismissal.

The United States Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) announced that prisoners may challenge the constitutionality of state parole proceedings in § 1983 actions seeking declaratory and injunctive relief. However, the Court indicated that such actions could only be employed in cases where success of the procedural challenges would not necessarily require immediate or speedier release for the prisoner. Plaintiff's challenge to a denial of a parole interview because of RHU placement appears to be the type of scenario envisioned in Wilkinson. Since the Complaint does not seek Hankins' release and it is not apparent, at least at this juncture in the proceeding, that success in this matter would clearly result in Plaintiff's release, his § 1983 claim is properly before this Court.

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released

7

before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996). However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id.

In his opposing brief, Hankins asserts that in 2010 he filled out and submitted all materials including an application which he needed to complete for parole consideration. See Doc. 25, p. 6. Plaintiff adds that those materials were given to him by his prison counselor. Hankins additionally indicates that even if he had not filed an application for parole, to do so would have been futile since it was parole Board policy not to interview RHU prisoners for parole.

A review of the Complaint shows that Plaintiff alleges that he has been denied parole consideration since December 2009 and that in May 2011 his prison counselor told him that although "he

8

was up to be seen via parole agents" he would not be afforded a parole interview because of his RHU placement. Doc. 1, ¶ 5. Given the liberal treatment afforded pro se litigants and a review of the Complaint this Court finds that although not specifically stated in the Complaint, it sufficiently asserts that Plaintiff applied for parole. Second, under the holdings of Wilkinson and Block, this Court is satisfied at this juncture in the proceedings that Plaintiff has adequately set forth an arguably viable civil rights claim.

Specifically, that although Hankins was otherwise eligible for consideration, Defendants Parole Board, Burke, and McGinnis engaged in conduct which was arbitrary, based upon impermissible criteria, and shocked the conscience by denying Plaintiff parole consideration solely because of his RHU placement. See Goodman v. McVey, 2011 WL 1958069 (3d Cir. May 23, 2011)(recognizing that the shocks the conscience criteria should be employed in reviewing parole related claims). The request for dismissal will be denied.

**Commonwealth of Pennsylvania**

The Commonwealth of Pennsylvania is also listed as being a Defendant. There is no other mention of the Commonwealth in the Complaint. As discussed above, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that a state is not a person subject to liability in § 1983 actions brought in federal court. "Will establishes that the State and arms of the State, which have

9

traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Pursuant to the above discussion, the Commonwealth of Pennsylvania is clearly not a properly named Defendant in this federal civil rights action and therefore the Court will sua sponte grant dismissal in favor of the Commonwealth.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 17th, 2014

10